IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


**FIRST FAMILY FINANCIAL SERVICES, INC. and**
**ASSOCIATES FIRST CAPITAL CORPORATION,**          **PLAINTIFFS,**

**VS.**                                                          **CIVIL ACTION NO. 3:04CV80-P-A**

**SHERRY D. MOORE,**                                            **DEFENDANT.**


**CONSOLIDATED WITH**


**DORIS SELMON, ET AL.,**                                       **PLAINTIFFS,**

**VS.**                                                          **CIVIL ACTION NO. 2:03CV108-P-A**

**FIRST FAMILY FINANCIAL SERVICES, ET AL.,**                    **DEFENDANTS.**

**<u>MEMORANDUM OPINION</u>**

This matter comes before the court upon Plaintiffs First Family Financial Services, Inc. and Associates First Capital Corporation's Motion for Summary Judgment [12-1] pending in *First Family Financial Services, Inc. et al. v. Sherry D. Moore*, Cause Number 3:04cv80-P-A. Upon due consideration of the motion and the responses filed thereto the court is prepared to rule.

The plaintiffs in the present case, *First Family Financial Services, Inc. et al. v. Sherry D. Moore*, Cause Number 3:04cv80-P-A, are among the defendants in the underlying case *Selmon, et al. v. First Family Financial Services, et al.*, Cause Number 2:03CV108-P-A. These cases, among others, have been consolidated with *Selmon*, the lead case.

*Selmon* involves eighteen plaintiffs, including Sherry D. Moore, suing various finance

companies and insurance companies for alleged predatory lending practices. After *Selmon* was filed, the finance companies filed the instant petition to compel arbitration of Sherry D. Moore claims against them. The finance companies, First Family and Associates First Capital, submit that Moore signed an arbitration agreement with Citifinancial which covered her claims not only against Citifinancial but also against any of Citifinancial's affiliates. It is undisputed that First Family and Associates First Capital are affiliates of Citifinancial.

In response, Moore filed a motion to dismiss the petition to compel arbitration, arguing waiver, failure to add a compulsory claim, and the first-to-file rule. The court has denied this motion to dismiss. This leaves the instant motion filed by First Family and Associates First Capital, seeking summary judgment that Moore's claims are subject to the arbitration agreement she signed and that their claims in the underlying *Selmon* action should be stayed until arbitration is complete.

In opposition to summary judgment, Moore alleges that the arbitration agreement is unenforceable for lack of consideration, non-disclosure, and unconscionability

There is no dispute that Moore signed the subject arbitration agreement. It is also undisputed that the language of the arbitration agreements covers the scope of her claims levied in *Selmon*. In her response to the instant motion for summary judgment, Moore has proffered no evidence or legal argument in support of her arguments of lack of consideration, non-disclosure, and unconscionability.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. "Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the

courts." *Southland Corp. v. Keating*, 465 U.S. 1, 7 (1984). The FAA "mandates that district courts shall direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Even when a party claims the contract itself was fraudulently induced, such a claim does not affect the parties' obligation to arbitrate. *Prima Paint Corp. v. Flood & Conklin Mfg.Co.*, 388 U.S. 395, 403 (1967).

The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract she signs, whether she reads it or not. *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83084 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); *McKenzi Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (even a illiterate person is charged with reading a contract).

## CONCLUSION

The court concludes that there is no need to delay decision upon the instant motion for

3

summary judgment. It is evident that Moore signed the arbitration agreement, that the agreement involved interstate commerce, and that the agreement covers Moore's underlying claims in *Selmon* against First Family and Associates First Capital. It is equally clear that Moore has submitted no evidence or binding legal authority to create a genuine issue of material fact with respect to her unconscionability, lack of consideration, and non-disclosure defenses. Therefore, Plaintiffs First Family Financial Services, Inc. and Associates First Capital Corporation's Motion for Summary Judgment [12-1] in *First Family Financial Services, Inc. et al. v. Sherry D. Moore*, Cause Number 3:04cv80-P-A should be granted.

Furthermore, the court concludes that Sherry D. Moore's claims against First Family and Associates First Capital should be dismissed without prejudice rather than stayed pursuant to Section 3 of the FAA. This is because section 3 does not limit dismissal of a case in the proper circumstances; if all of the issues raised in the district court are arbitrable, dismissal of the case is proper. *Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992). In the instant case, it is readily apparent that all of Sherry D. Moore's claims against First Family and Associates First Capital are arbitrable; therefore, it is in the interests of judicial economy to simply dismiss those claims without prejudice rather than stay them pending the completion of arbitration. Accordingly, an Order shall issue forthwith,

**THIS DAY** of July 18, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE